**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| GRUPO GUSI S. DE P.R. DE R.L. DE C.V., | § § § | |
| Plaintiff, | § | CIVIL ACTION NO. H-26-120 |
| v. | § § | |
| SELECT TRANSPORT PARTNERS, LLC, *et al.*, | § § § | |
| Defendant. | § § § | |

**MEMORANDUM AND OPINION**

This dispute arises out of a food heist. Grupo Gusi S. de P.R. de R.L de C.V. owned 24 pallets of frozen meat. It contracted with Select Transport Partners, LLC to transport the meat to Quirch Foods to Greensboro, North Carolina. The meat never arrived in North Carolina. It was instead diverted to California and loaded onto a truck, never to be seen again.

Grupo sued Select Transport for negligence, breach of bailment, and breach of contract. (Docket Entry No. 1). Select Transport moved to dismiss. (Docket Entry No. 9). Based on the pleadings, the motion, the record, and the applicable law, the court grants the motion to dismiss, in part with prejudice and in part without prejudice. Grupo's negligence and bailment claims are dismissed with prejudice. Grupo's contract claim is dismissed without prejudice and with leave to amend. The reasons are set out below.

## I.      Background

Grupo owned "24 pallets of frozen meat." (Docket Entry No. 1 ¶ 1). Grupo contracted with Select Transport to transport the meat to North Carolina. (*Id.* ¶¶ 7–8). Two motor carriers

were listed on the Bills of Landing: Bans Transport LLC, and KM Transport Inc.  (*Id.* para¶ 10–13).

In June 2025, "a driver for the carrier company KMT received the [meat] at Laredo, Texas." (*Id.* ¶ 19).  The meat "was not delivered to North Carolina destination."  (*Id.* ¶ 20).  "Bans redirected the [meat] to a warehouse in South Gate, California."  (*Id.* ¶ 21).  "Upon arrival at the South Gate warehouse," the meat "was immediately . . . loaded on to an unknown truck."  (*Id.* ¶ 22).  Quirch Foods never received the meat at its intended destination.  (*Id.* ¶ 23).  The "whereabouts . . . remain unknown."  (*Id.* ¶ 24).

Grupo sued Select Transport for negligence, breach of bailment, and breach of contract. (*Id.* ¶¶ 34–42, 51–56, 57–64).

## II.    The Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* (quoting *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 556).

2

"Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Eli Lilly & Co. v. Revive Rx, LLC*, 812 F. Supp. 3d 708, 723 (S.D. Tex. Dec. 15, 2025) (quoting *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007)).

## III.   Analysis

### A.   The Negligent-Hiring Claim

Grupo alleges that Select Transport "was negligent in its selection of motor carrier to execute the Bill of Lading." (Docket Entry No. 1 ¶ 35). Select Transport responds that the Interstate Commerce Act and the Federal Aviation Administration Authorization Act preempt Grupo's negligent-hiring claim. (Docket Entry No. 9 at 6–8). The court agrees.

Section 14501 is titled "Federal Authority Over Intrastate Transportation." It provides that:

> a State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier . . . or any motor private carrier, broker, or freight forwarder with respect to the transportation of property.

49 U.S.C. § 14501(c)(1). The statute exempts laws or regulations related to motor vehicle safety, insurance, the transportation of household goods, and tow-truck operations. *Id.* § 14501(c)(2)(A)–(C). The safety exception states that the express preemption provision "shall not restrict the safety regulatory authority of a State with respect to motor vehicles." *Id.* § 14501(c)(2)(A). To determine preemption, the court must decide whether: (1) the state law sought to be enforced "relates to broker rates, routes, or services, or has a significant economic effect on them"; and (2) "the safety exception nevertheless prevent preemption." *Farfan v. Old Dominion Freight Line, Inc.*, 744 F. Supp. 3d 763, 767 (S.D. Tex. 2024).

3

Grupo's negligent-hiring claim "relate[s] to a . . . service of . . . broker." 49 U.S.C. § 14501(c)(1). "Brokers are the transportation industry's matchmakers, connecting sellers of goods to the carriers who move them." *Montgomery v. Caribe Transp. II, LLC*, 146 S. Ct. 1199, 1202 (2026). Grupo's negligent-hiring claim is related to Select Transport's broker services. Grupo alleges that Select Transport "was negligent in its selection of [a] motor carrier to execute the Bill of Lading" and was "carelessness in selecting a motor carrier." (Docket Entry No. 1 ¶¶ 35, 39). These are allegations that the broker negligently "connect[ed] sellers of goods to the carriers who move them." *Caribe Transp.*, 146 S. Ct. at 1202. The Acts facially cover Grupo's claim.

Grupo's negligent-hiring claim does not involve the "safety regulatory authority of a State with respect to motor vehicles." 49 U.S.C. § 14501(c)(2)(A). A negligent-hiring claim falls within the safety exception if the plaintiff alleges that the broker "knew (or should have known) that choosing" the carrier "to move goods was reasonably likely to cause an accident." *Caribe Transp.*, 146 S. Ct. at 1205. Grupo alleges that Select Transport knew (or should have known) that choosing Bans was likely to cause the cargo to be "redirect[ed]" and stolen. (Docket Entry No. 1 ¶ 39). An allegation that a broker negligently hired a fraudulent carrier is different from an allegation that the broker negligently hired an unsafe carrier. Safety concerns "danger," *Safety*, BLACK'S LAW DICTIONARY (8th ed. 2004), and "a risk of physical harm," *Caribe Transp.*, 146 S. Ct. at 1205 (citing RESTATEMENT (SECOND) OF TORTS § 411 (Am. L. Inst. 1964)). Fraud concerns "[u]nconscionable dealing," *Fraud*, BLACK'S LAW DICTIONARY, or the "deception-induced deprivation of property," *Kousisis v. United States*, 605 U.S. 114, 127 (2025). The negligent-hiring claim in this case has "no relationship to safety." *Caribe Transp.*, 146 S. Ct. at 1206; *see Jeunesse, Inc. v. NTG Air & Ocean, LLC*, No. 2:24-CV-9221-CBM-PVC, 2025 WL 2020005, at *4 (C.D.

4

Cal. June 17, 2025) (holding that "the alleged theft of cargo here is not 'connected with' the regulation of motor vehicle *safety*.").

Grupo's negligent-hiring claim is preempted.

### B.        The Breach-of-Bailment Claim

Grupo alleges that the defendants "were acting as bailees of Cargo and in their own capacity, or through their contractors, agents, servants, or sub-bailees" and "breached their duties and obligations as bailees by failing to deliver said shipment to its intended destination." (Docket Entry No. 1 ¶¶ 53–54). Select Transport argues that the bailment claim is preempted and otherwise fails.

The crux of Grupo's bailment claim is that Select Transport breached its "duties and obligations as bailees by failing to deliver said shipment to its intended destination." (*Id.* ¶ 54). The allegation that Select Transport, a bailee, failed to deliver the property to its intended destination through adequate selection of motor carriers is an allegation that Select Transport failed to adequately perform the "service" of a "broker," 49 U.S.C. § 14501(c)(1)—"connecting sellers of goods to the carriers who move them," *Caribe Transp.*, 146 S. Ct. at 1202. Because state statutes or common law create these bailment duties, courts have held that bailment claims against brokers are covered by the federal statutory preemption provision. *See Lotte Ins. Co. v. R.E. Smith Enters., Inc.*, 733 F. Supp. 3d 494, 512–13 (E.D. Va. 2024) ("Plaintiff's bailment claim falls within the ICCTA's preemption provision as a 'state . . . provision [ ] having the force and effect of law related to a . . . service of any . . . broker.'" (quoting 49 U.S.C. § 14501(c)(1)); *Honore v. M/V Sealand Illinois*, No. 21CV09541 (EP) (JSA), 2022 WL 16948988, at *6 (D.N.J. Nov. 14, 2022) ("Siaci's state law-based negligence, breach of bailment, and conversion claims against West End are preempted by the FAAAA."); *Ameriswiss Tech., LLC v. Midway Line of Illinois, Inc.*, 888 F.

Supp. 2d 197, 202–08 (D.N.H. 2012) (same). Because the bailment claim in this case is not related to states' safety regulatory authority, it is preempted.

### C.    The Breach-of-Contract Claim

Grupo alleges that it "entered into a contract with" Select Transport "to deliver [the meats] to Greensboro, North Carolina in good and marketable condition," and that Select Transport breached that contract by failing to deliver the meats to the contractually specified destination. (Docket Entry No. 1 ¶¶ 57–64). Select Transport argues that the contract claim is preempted and that Grupo fails to state a claim.

Grupo's breach-of-contract claim is not preempted. The Supreme Court has interpreted the Airline Deregulation Act, which has language materially identical to § 14501(c)(1), to exclude from its preemption provision routine contract claims based on obligations not required by law but created by the parties' agreements. *See Processors, Inc. v. Transportation Providers Servs., Inc.*, No. 3:25-CV-214-DPJ-ASH, 2026 WL 637415, at *2 (S.D. Miss. Mar. 6, 2026) (citing *Am. Airlines, Inc. v. Wolens*, 513 U.S. 219 (1995)); *see Wolens*, 514 U.S. at 233 ("This distinction between what the State dictates and what the airline itself undertakes confines courts, in breach-of-contract actions, to the parties' bargain, with no enlargement or enhancement based on state laws or policies external to the agreement."). Courts in the Fifth Circuit have relied on this logic to allow contract claims against brokers. *See, e.g.*, *Huntington Operating Corp. v. Sybonney Exp., Inc.*, No. CIV.A. H-08-781, 2010 WL 1930087, at *2–3 (S.D. Tex. May 11, 2010); *Chatelaine, Inc. v. Twin Modal, Inc.*, 737 F. Supp. 2d 638, 643 (N.D. Tex. 2010); *Wise Recycling, LLC v. M2 Logistics*, 943 F. Supp. 2d 700, 705–06 (N.D. Tex. 2013); *see also Adame v. Echo Glob. Logistics, LLC*, No. 3:21-CV-1464-L, 2022 WL 272121, at *6 (N.D. Tex. Jan. 12, 2022) ("Courts in the Fifth Circuit have found that the FAAAA does not preempt contract-based claims."), *report and*

*recommendation adopted*, No. 3:21-CV-1464-L, 2022 WL 270857 (N.D. Tex. Jan. 28, 2022); *Interstate Service Provider, Inc. v. Jordan*, No. 4:21-cv-267, 2021 WL 2355384, at *9 (E.D. Tex. June 9, 2021) (citing cases).

Grupo does not adequately allege a contract claim, however, because it does not identify a "provision of the contract" that Select Transport allegedly breached. *VanAuken v. Clark*, No. 1:22-CV-602-LY, 2023 WL 2825852, at *8 (W.D. Tex. Jan. 31, 2023) (quoting *Jane Doe 12 v. Baylor Univ.*, 336 F. Supp. 3d 763, 789 (W.D. Tex. 2018)), *report and recommendation adopted*, No. 1:22-CV-602-LY, 2023 WL 2920313 (W.D. Tex. Mar. 13, 2023). "To survive a motion to dismiss, Plaintiff must allege the specific contractual provisions breached." *DeForge v. Wells Fargo Bank*, No. 4:19-CV-1412, 2020 WL 13411941, at *3 (S.D. Tex. July 16, 2020) (citing *Guajardo v. JP Morgan Chase Bank, N.A.*, 605 F. App'x 240, 244 (5th Cir. 2015) (per curiam)). Grupo must show that the contract made Select Transport liable for the failure of any carrier to deliver the meats to North Carolina. The contract claim is dismissed, without prejudice and with leave to amend.

## IV.    Conclusion

For these reasons, the motion to dismiss, (Docket Entry No. 9), is granted, in part with prejudice and in part without prejudice. Grupo's negligence and bailment claims are dismissed with prejudice. Grupo's contract claim is dismissed, without prejudice and with leave to amend. Grupo must amend its complaint by July 10, 2026.

SIGNED on June 23, 2026, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge

7